## LAKE SHORE ELECTRIC RAILWAY CO v CHRISTIANSEN

Ohio Appeals, 6th Dist, Ottawa Co

No 113. Decided May 27, 1929

Messrs. True, Crawford & True, Port Clinton, and Harry Rimelspack, Fremont, for Railway Co.

Messrs. Stahl & Price, Toledo, for Christiansen.

RICHARDS, J.

On the first trial of this case the plaintiff testified that he had no recollection of what he did after his car stalled. On the present trial, when inquired about this, he testified as follows:

> "I tried to start to get out of there; tried my best to get my engine going to get out of there, and I know I got it started and it stalled again for me, and I started again; tried again; I tried my best."

This is the only difference in the testimony of the plaintiff between that given by him at the first trial and that which he gave on the last trial. It will be observed that this testimony does not indicate that he used any efforts to save himself from injury. Indeed he states elsewhere in his testimony that, after his car was stalled, he did not look for an approaching interurban car and did not hear any whistle, although his engine was not running. This additional evidence on his part indicates that he was attempting to start his car and not to save himself from imminent danger.

The motorman, in approaching the crossing and seeing the automobile also approaching, could assume that its operator would proceed across the track, until such time as it became evident that he would not or could not proceed and the plaintiff was bound in law to know of this right and to use ordinary care for his own safety. The plaintiff could not assume that he would be seen by the motorman to be in a perilous position in time for the interurban car to be stopped and a collision avoided. The motorman testifies that he gave the regular crossing signals and as soon as he discovered that the automobile was stalled he gave warning signals, and the undisputed evidence shows that all reasonable efforts were made to stop the interurban car as soon as the motorman discovered that the car was in a place of peril. The approaching interurban cars were, in fact, stopped at a point where the back end of the rear car was at the crossing. However, the interurban car may have come over the elevation to the east after the car became stalled, and whether the motorman used ordinary care to prevent a collision as soon as he saw or should have seen the peril in which the car was situated was a question for the jury. In other words, this court is not disposed to disturb the verdict and judgment in so far as it involves a finding that the railroad company was guilty of negligence.

So far as the contributory negligence of Christiansen is concerned, we think his own evidence shows that he used no care whatever for his own personal safety. We think that the doctrine of the "last clear chance" can have no application to this case for the negligence of Christiansen continued to the very time of the collision, and, in connection with the negligence of the company, was the proximate cause of his injury. **Pennsylvania Co. vs. Hart, 101 Ohio St., 196.** See also **Cleveland Railway Co. vs. Wendt, Supreme Court decision of March 20, 1929, Law Bulletin of April 29, 1929.** Paraphrasing a sentence of the opinion in that case, it is clear that the plaintiff, according to his own testimony,

hazarded his life to save an automobile of the value of $200.00, and took upon himself a risk in the presence of a danger known to be imminent.

The uncontradicted testimony shows the automobile just before the collision was worth $200.00, and that it was totally destroyed. Separate ⁻⁻ᵒtions for directed verdicts were made as to the damage to the car and the personal injuries. We are of the opinion that a directed verdict should have been ordered as to the personal injuries but not as to the damage to the car. Following the course pursued by this Court in Lake Shore Electric Railway Co. vs. Kellar, already cited, the judgment of the court of common pleas will be modified and reduced to $200.00, as of the date of the judgment, and as so modified will be affirmed.

Lloyd, J, concurs. Williams, J, votes to affirm judgment.